UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| TYRONE PRICE,<br><br>  Petitioner,<br><br>v.<br><br>WARDEN J. GILLEY,<br><br>  Respondent. | Civil Action No. 6:21-077-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Tyrone Price is an inmate at the Federal Correctional Institution (FCI) in Manchester, Kentucky. Proceeding without a lawyer, Price filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. The Respondent then filed a response to Price's petition, arguing, among other things, that he failed to fully exhaust his administrative remedies. [R. 8]. Price recently filed a reply brief [R. 11], and, thus, this matter is ripe for a decision.

The Court has fully reviewed the parties' submissions and will deny Price's present petition without prejudice. That is because the Respondent has demonstrated that Price failed to fully exhaust his administrative remedies. [*See* R. 8 at 5-7; *see also* R. 8-1].

Under the law, there is a multi-tiered administrative grievance process within the Bureau of Prisons (BOP). If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the


Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. Whether or not a prisoner has properly exhausted these administrative remedies is an affirmative defense. *See, e.g., Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013).

Here, the Respondent has presented evidence that Price has not yet fully exhausted his administrative remedies. Indeed, the Respondent has demonstrated that Price has only pursued this matter with the Warden at FCI – Manchester and then filed an appeal with the BOP's Regional Director; that appeal, however, remains pending, and Price has not yet pursued the matter with the BOP's General Counsel. [*See* R. 8 at 5-7; R. 8-1 at 4, 59-62]. Price has also not offered any arguments or evidence in reply to the Respondent's position regarding exhaustion. [*See* R. 11]. Thus, the Respondent has adequately established its affirmative defense.

In short, Price has not yet fully exhausted his administrative remedies, which is a prerequisite to filing suit in federal court. Therefore, the Court will not address the merits of Price's claim at this time, and, instead, it will deny his current petition without prejudice to his right to file a new action once he has fully exhausted his administrative remedies.

Accordingly, the Court **ORDERS** as follows:

1. Price's current petition for a writ of habeas corpus [R. 1] is **DENIED WITHOUT PREJUDICE** to his right to file a new action once he has fully exhausted his administrative remedies.

2. This civil action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

Dated August 16, 2021



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY